# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant KIRBY B. MOSES**
**United States Army, Appellant**

ARMY 20090247

Headquarters, U.S. Army Air Defense Artillery Center and Fort Bliss (trial)
Headquarters, U.S. Army Combined Arms Center and Fort Leavenworth (rehearing)
Michael J. Hargis, Military Judge (trial)
William L. Deneke, Military Judge (rehearing)
Lieutenant Colonel Newt Hill, Acting Staff Judge Advocate (trial)
Colonel Fred P. Taylor, Staff Judge Advocate (rehearing advice)
Colonel John S.T. Irgens, Staff Judge Advocate (rehearing recommendation and addendum)

For Appellant:  William E. Cassara, Esquire; Captain Todd Lindquist, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA; Major Kirsten M. Dowdy, JA; Captain Stephen E. Latino, JA (on brief).

5 May 2014

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of aggravated sexual abuse of a child, simple assault with an unloaded firearm (two specifications), burglary, indecent assault, and indecent acts with a child, in violation of Articles 120, 128, 129, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 928, 934 (2000); 10 U.S.C. §§ 920, 929 (2006 & Supp. I 2007).  The panel sentenced appellant to a dishonorable discharge, confinement for seventeen years, and reduction to the grade of E-1.  The

---

[1] Judge MARTIN took final action on this case prior to her permanent change of duty station.

convening authority approved the adjudged sentence and credited the appellant with 213 days of confinement credit against the sentence to confinement.

On 27 May 2011, this court issued a memorandum opinion in this case, setting aside the finding of guilty for the offense of indecent assault in the Specification of Charge II, but affirming a finding of guilty for the lesser included offense of assault consumated by battery for that same specification. *United States v. Moses*, ARMY 20090247, 2011 WL 2206659 (Army Ct. Crim. App. 27 May 2011) (mem. op.). This court also affirmed the remaining findings of guilty, and upon reassessment, affirmed the sentence. *Id.* On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). *United States v. Moses*, 70 M.J. 357 (C.A.A.F. 2011). On 23 January 2012, after a review of the case under *Fosler*, this court issued a memorandum opinion in which we again affirmed a finding of guilty for the lesser included offense of assault consumated by battery for the Specification of Charge II, affirmed the remaining findings of guilty, and upon reassessment, affirmed the sentence. *United States v. Moses*, ARMY 20090247, 2012 WL 243758 (Army Ct. Crim. App. 23 Jan. 2012) (mem. op.).

On 10 July 2012, our superior court reversed the portion of our decision as to Specification 1 of Charge VI, and as to the sentence, and affirmed our decision as to the remaining charges and specifications. *United States v. Moses*, 71 M.J. 351 (C.A.A.F. 2012). The court returned the record of trial to The Judge Advocate General of the Army for remand to this court upon consideration of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *Id.* at 352. On 16 October 2012, we issued a summary disposition in which we set aside the findings of guilt of Specification 1 of Charge VI (indecent acts with a child) and dismissed that specification without prejudice. *United States v. Moses*, ARMY 20090247, 2012 WL 5077664 (Army Ct. Crim. App. 16 October 2012) (summ. disp.). We authorized a rehearing on sentence and noted the lack of a bar to a new trial on the underlying misconduct for Specification 1 of Charge VI. *Id.* at *2.

The convening authority for this case ordered a rehearing on sentence for appellant's previously affirmed findings. The convening authority also referred the previously dismissed Article 134, UCMJ, offense (the underlying misconduct for the previously dismissed Specification 1 of Charge VI) to a second trial. In addition, the convening authority ordered that any findings of guilt arising from the second trial on the Article 134, UCMJ, offense be joined with the sentence rehearing. At appellant's second trial, a general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of indecent acts with a child, in violation of Article 134, UCMJ. At sentencing, which included a rehearing on the previously affirmed findings of guilt and the findings of guilt from the second trial, the panel sentenced appellant to a dishonorable discharge,

2

confinement for twenty years, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority approved the adjudged sentence, except that he only approved seventeen years confinement.[2]  *See* UCMJ art. 63.

Appellant's case is once again before this court for review under Article 66, UCMJ.  On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact.  Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] The convening authority credited appellant with 1,737 days of confinement credit against the sentence to confinement.